IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


NICHOLAS JOHNSON,                              10-CV-6072-BR

        Plaintiff,                    OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


**BRENDA S. MOSELEY**
320 Central Avenue
Suite 422
Coos Bay, OR 97420
(541) 266-0436

        Attorney for Plaintiff


1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
**L. JAMALA EDWARDS**
Special Assistant United States Attorneys
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2531

          Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Nicholas Johnson seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

   Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

   Plaintiff filed his applications for SSI and DIB on

2 - OPINION AND ORDER

December 21, 2004, and alleged a disability onset date of January 1, 1999. Tr. 16, 105.[1] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 31, 2007. Tr. 769-99. Plaintiff was represented by an attorney at the hearing. Plaintiff and a VE testified. At the hearing the AlJ ordered a neurologic evaluation of Plaintiff and suspended the hearing pending the results of the evaluation. Tr. 782. The ALJ continued the hearing on August 8, 2007. Tr. 800-21.

The ALJ issued a decision on August 28, 2007, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 19-33. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on January 22, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on June 10, 1957, and was 49 years old at the time of the first hearing and 50 years old at the continued hearing. Tr. 105. Plaintiff obtained a GED. Tr. 807. He has past relevant work experience as a background actor, clerk, car washer, and dishwasher. Tr. 807.

---

[1] Citations to the official transcript of record filed by the Commissioner on August 26, 2010, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff alleges disability due to a herniated disc, hepatitis C, chondromalacia of the left knee, and a right elbow injury. Tr. 105, 120, 748.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 26-31.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial

evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

5 - OPINION AND ORDER

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling

6 - OPINION AND ORDER

(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth

in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since his January 1, 1999, alleged onset date.  Tr. 21.

At Step Two, the ALJ found Plaintiff has the severe impairments of degenerative joint disease "of no more than moderate to mild degree," chondrocalcinosis in the lateral compartment of his left knee, mild stenosis, bilateral neuroforaminal encroachment and discogenic degenerative changes at L4-5, bilateral neuroforaminal encroachment at L5-S1, dysthemia, and personality disorders.  Tr. 22.  The ALJ found Plaintiff's alleged manganese intoxication is not "a medically determinable impairment."  Tr. 22.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 24.  The ALJ also found Plaintiff has the RFC to perform "light exertional work" including the ability to lift and/or to carry ten pounds frequently and twenty pounds occasionally; to stand and/or to walk for two hours in an eight-hour work day; to

8 - OPINION AND ORDER

sit for six hours in an eight-hour work day; to stoop, to kneel, to crouch, and to crawl occasionally; and never to climb ladders, ropes, or scaffolds.  Tr. 25.  The ALJ found Plaintiff should avoid hazards such as heights and moving machinery.  Tr. 25.  Finally, the ALJ found although Plaintiff's mental impairments allow him to understand, to remember, and to carry out simple and complex instructions, Plaintiff should avoid working with the public, avoid "unstructured work responsibilities and expectations," and avoid "unstructured interaction with co-workers."  Tr. 25.

At Step Four, the ALJ concluded Plaintiff is not capable of performing his past relevant work.  Tr. 31.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 32-33.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony, (2) improperly rejected the opinions of Plaintiff's treating physicians and medical professionals, and (3) found at Step Five that Plaintiff could perform other jobs in the national economy.

**I.   The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to provide

9 - OPINION AND ORDER

clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." Tr. 31. The ALJ found Plaintiff made inconsistent

10 - OPINION AND ORDER

statements and took actions inconsistent with his alleged level of impairment.  For example, the ALJ noted Plaintiff alleges disability due to his left knee beginning January 1, 1999, but in December 2000, Plaintiff reported to his doctor that he had contacted poison oak after hiking.  Tr. 188.  In addition, Plaintiff reported to a emergency room doctor in March 2000 that his left knee had become painful only two weeks before he engaged in spring cleaning.  Tr. 179.  The ALJ also pointed out that Plaintiff's assertion that sitting increased his lower-back pain is "refuted" by the fact that Plaintiff regularly drives between Bandon, Oregon, and Los Angeles, California.  Tr. 31.  In addition, the ALJ noted in January 2006 when Plaintiff was incarcerated, he asked treating Nurse Practitioner (NP) Deanna L. McDermott for a letter stating that he can perform light-duty work because he "could get some time taken off [his jail term] if he could work."  Tr. 654.  Finally, the ALJ noted several instances in the record of drug-seeking behavior by Plaintiff. Tr. 22, 246, 492, 498.

    The Court concludes on this record that the ALJ did not err when he rejected Plaintiff's testimony because the ALJ provided legally sufficient reasons supported by the record for doing so.

**II. Medical opinion testimony.**

    Plaintiff contends the ALJ erred when he improperly rejected the opinions of Seigrid Nixon, M.D., treating physician; Richard

11 - OPINION AND ORDER

Staggenborg, M.D., treating psychiatrist; and Nancy McDermott, C.N.P.

### A. Dr. Nixon and NP McDermott

On April 12, 2007, Dr. Nixon opined Plaintiff was able to stand and/or to walk for less than two hours in an eight-hour work day and to rarely lift ten pounds. Tr. 687-88. Dr. Nixon also opined Plaintiff would miss more than four days per month of work. Tr. 689. On January 2, 2007, NP McDermott also opined Plaintiff was able to stand and/or to walk for less than two hours in an eight-hour work day and that he would miss four or more days per month of work. Tr. 681-83.

The ALJ noted the opinions of Dr. Nixon and NP McDermott were contradicted by the November 30, 2006, opinion of Dara Parvin, M.D., treating physician, who noted Plaintiff had grossly adequate range of motion and intact strength in all extremities and Plaintiff's left knee was stable. Tr. 672-73. In addition, in January 2005 Howard Bourdages, M.D., treating physician, noted Plaintiff was "doing well," did not report any problems with pain, and was "ambulating freely." Tr. 395. Similarly, in October 2005 William E. Davis, D.O., examining physician, noted Plaintiff "ambulate[d] without apparent discomfort or loss of function." Tr. 744. On April 24, 2007, Linda Bufton, M.D., examining physician, noted Plaintiff "had 5/5 strength with normal bulk and tone throughout the upper and lower

12 - OPINION AND ORDER

extremities." Tr. 709. In addition, the ALJ noted the opinions of Dr. Nixon and NP McDermott were contradicted by the opinions of reviewing agency physicians Martin B. Lahr, M.D., and Linda L. Jensen, M.D. Finally, the ALJ noted neither Dr. Nixon nor NP McDermott provided any explanation for their opinions that Plaintiff would be absent from work for more than four days per month. An ALJ may properly reject an opinion that is conclusory and unsupported by objective medical evidence. *Combs v. Astrue*, 387 F. App'x 706, 708 (9th Cir. 2010)(citing *Batson,* 359 F.3d at 1195).

The Court concludes on this record that the ALJ did not err and provided legally sufficient reasons supported by the record for rejecting the opinions of Dr. Nixon and NP McDermott that Plaintiff was able to stand and/or to walk for less than two hours in an eight-hour work day, to rarely lift ten pounds, and would miss more than four days per month of work.

**B.    Dr. Staggenborg**

On July 30, 2007, Dr. Staggenborg, treating psychiatrist, opined in a "check-off form" that Plaintiff's depression "associated with pyschomotor retardation mentally rendered him unable to sustain full time competitive work." Tr. 30, 735-37. The ALJ rejected Dr. Staggenborg's opinion on the ground that it was "inconsistent with his own mental status evaluations of [Plaintiff] that were essentially normal in June

2006 and August 2006." Tr. 30. The ALJ noted Dr. Staggenborg did not document any evidence of psychomotor retardation due to depression by Plaintiff. Tr. 719-34. Nevertheless, Dr. Staggenborg checked "yes" in the "check-off form" in response to a question asking whether he agreed with the opinion of Dr. Bufton that Plaintiff suffered psychomotor retardation due to depression. Tr. 735. In addition, the ALJ notes the question regarding Dr. Bufton's opinion is misleading because Dr. Bufton found Plaintiff had "near normal mental status on testing and normal cognitive functioning on evaluation in April 2007." Tr. 30. Finally, the ALJ notes Dr. Staggenborg noted in March 2007 that Plaintiff's dysthymia had improved after Plaintiff consistently complied with prescribed antidepressants. Tr. 721.

The Court concludes on this record that the ALJ did not err when he rejected Dr. Stagenborg's opinion that Plaintiff's depression "associated with pyschomotor retardation mentally rendered him unable to sustain full time competitive work," because the ALJ provided sufficient reasons supported by the record for doing so.

**III. The ALJ did not err at Step Five**.

Plaintiff contends the ALJ erred at Step Five when he found Plaintiff could perform other jobs in the national economy because the ALJ failed to consider the limitations indicated by Plaintiff, Drs. Nixon and Staggenborg, and NP McDermott in his

14 - OPINION AND ORDER

decision. Because the Court has concluded the ALJ properly rejected Plaintiff's testimony as well as the opinions of Drs. Nixon and Staggenborg and NP McDermott, the Court also concludes the ALJ did not err at Step Five when he failed to include those limitations in his assessment of Plaintiff's ability to do other jobs existing in the national economy.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 18th day of April, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER